[No. 14989.   Department One.   January 10, 1919.]

L. L. TERPENING, *Appellant*, v. LATEN BEACH, *Executor etc., et al., Respondents.*[1]

WILLS (7) — TESTAMENTARY CAPACITY — EVIDENCE — SUFFICIENCY. Want of testamentary capacity to execute a will is not shown, as against the positive testimony of the subscribing witnesses, by the evidence of one witness tending to show incompetency prior to the day on which the will was executed, such witness testifying that he was rational on that day.

Appeal from a judgment of the superior court for Pend Oreille county, Carey, J., entered February 21, 1918, upon findings in favor of the defendants, dismissing a will contest, tried to the court. Affirmed.

*E. M. Heyburn,* for appellant.

*Chas. H. Leavy,* for respondents.

MAIN, C. J.—This action was brought for the purpose of contesting a will. The defendants answered, denying the matters alleged in the complaint. In due time the cause came on for trial before the court sitting without a jury. At the conclusion of the plaintiff's evidence in chief, the defendants challenged the sufficiency thereof to sustain the allegations of the complaint and moved for a dismissal. This motion was sustained and a judgment of dismissal entered. The plaintiff appeals.

The appellant is a nephew of the testator. The respondents are beneficiaries under the will. The testator died in Pend Oreille county on December 25, 1916. The will was admitted to probate on the fifth day of February, 1917. The testator, after directing that all his just debts be paid, devised and bequeathed all of his property, both real and personal, share and

[1]Reported in 177 Pac. 674.

share alike, to the respondents, Laten Beach and Inga Beach, his wife.

The issue presented by the complaint and answer was whether the testator was competent to make the will at the time of its execution. As a part of the appellant's case in chief, he called the two subscribing witnesses to the will, who apparently were men of good standing in the community, and each of them testified positively and unequivocally that the testator, at the time of making the will, was competent. No other witnesses were present at this time or testified impeaching the competency. One witness, who lived in the vicinity and had taken care of the deceased a portion of the time during his last illness, but who had not seen him for several hours prior to the execution of the will or for several hours subsequent thereto, testified that the testator was rational on the morning of the day the will was executed. This witness gave some testimony which would tend to show incompetency at times when he had seen the testator prior to the morning of the day on which the will was executed. The record contains no evidence that would justify an overturning of the will.

The judgment will be affirmed.

MITCHELL, MACKINTOSH, CHADWICK, and TOLMAN, JJ., concur.